UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

    MARK CARLESIMO,                            CHAPTER 11

                                                      CASE NO.: 16-22776 (RDD)
                                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER (i) APPROVING THE SALE OF THE DEBTOR'S RIGHT, TITLE AND INTEREST IN REAL PROPERTY FREE AND CLEAR OF ALL LIENS AND CLAIMS PURSUANT TO 11 U.S.C. § 363(b) AND (f) SUBJECT TO THE MORTGAGE HOLDER'S ABILITY TO CREDIT BID UNDER 11 U.S.C. §363(k), AND (ii) <u>AUTHORIZING PAYMENT OF CLOSING COSTS</u>**

Upon the motion, dated July 1, 2019 [Dkt. No. 72] ("the Motion") of Mark Carlesimo, the debtor and debtor in possession herein (the "Debtor") for an order (1) pursuant to 11 U.S.C. § 363(b) and (f), authorizing the sale of his interest in real property located at 4 White Plains Road, Bronxville, NY 10708 (the "Property") pursuant to the sale contract attached as Exhibit <u>A</u> to the Motion (the "Contract"), free and clear of all liens, claims, interests, and encumbrances therein and thereon of whatever kind or nature except as expressly assumed by the buyer (the "Buyer') under the Contract ("Liens and Claims") and (2) authorizing the Debtor's payment from the sale proceeds of reasonable and necessary closing costs related thereto; and there being due and sufficient notice of the Motion as reflected in the Certificate of Service filed as Dkt. No. 73; and LoanCare, LLC as servicer for CIT Bank, N.A. (the "Lender"), the holder of a mortgage lien encumbering the Property, having filed opposition to the requested relief (Dkt. No. 74); and upon the record of the hearing held by the Court on the Motion on August 8, 2019; and, after due deliberation, the Court having found and concluded for the reasons stated in its bench ruling at the hearing that the proposed sale, on the conditions set forth herein, is in the best interests of the Debtor, his estate and creditors and is supported by good business reasons subject to the conditions set forth herein; and the Court also having found and concluded that one or more of

1

the grounds for the sale being free and clear of Liens and Claims under 11 U.S.C. § 363(f) has been satisfied and the Buyer under the Contract is a purchaser in good faith entitled to the protection of 11 U.S.C. §363(m) and (n); and good and sufficient cause appearing; and no additional notice or hearing being required, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that the Lender may place a credit bid pursuant to 11 U.S.C. §363(k) (the "Credit Bid") to purchase the Property; <u>provided</u>, and on the conditions that such Credit Bid be submitted to counsel for the Debtor, Anne Penachio, Esq., 245 Main Street, Suite 450, White Plains, New York 10601 (the "Office") or by electronic mail at anne@pmlawllp.com on or before 5:00 PM Eastern Standard time on Monday, August 19, 2019; and it is further

**ORDERED**, that if the Lender timely submits a Credit Bid, the Buyer under the Contract may submit a higher bid and an open auction between the Buyer and the Lender will be held on Thursday, August 22, 2019 at the Office, to be conducted by counsel for the Debtor pursuant to reasonable bid procedures to be announced at the start of the auction; and it is further

**ORDERED,** that in the event that an auction is held, counsel for the Debtor shall file a report of the auction with the Court on or before August 29, 2019; and it is further

**ORDERED**, that if the Lender does not timely submit a Credit Bid, the sale of the Property to the Buyer may proceed on the terms set forth in the Contract and the Debtor is authorized under 11 U.S.C. § 363(b) and (f) to sell the Property free and clear of all Liens and Claims pursuant to the terms of the Contract, with all Liens and Claims to attach to the sale proceeds in the same amount and priority, with the same validity and enforceability, and subject to the same defenses as existed immediately before the closing of the sale; and it is further

**ORDERED**, that, at the closing of the sale under the Contract or subject to the Credit Bid, the Debtor is authorized to pay (and, in the event of a Credit Bit, the Lender shall pay) all reasonable, ordinary and customary closing costs from the sale proceeds, including reasonable

and customary professional fees directly related to the sale, transfer taxes and reasonable title charges; and it is further

**ORDERED**, that, at the closing of the sale under the Contract, the Debtor is also authorized and directed to pay, to the extent of available proceeds, any undisputed debt secured by a valid, perfected and enforceable lien on the Property, in the order of priority of such liens, and if any amount or asserted lien is disputed in good faith, the Debtor shall cause such disputed amount of the sale proceeds to be held in escrow subject to further order of this Court or resolution by the parties (and such escrow shall be deemed payment for purposes of title insurance); and it is further

**ORDERED,** that, within ten days after the closing of the proposed sale, counsel for the Debtor shall file a closing statement with the Court and serve a copy on the Office of the United States Trustee; and it is further

**ORDERED**, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.

Dated: White Plains, New York
      August 13, 2019                      **/s/ Robert D. Drain**
                                            Honorable Robert D. Drain
                                            United States Bankruptcy Judge